**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA,<br><br>     Plaintiff,<br><br>     v.<br><br>RICHARD SCOTT, in his official capacity as Governor of the State of Florida, and KEN DETZNER, in his official capacity as Secretary of State of the State of Florida,<br><br>     Defendants. | Case No. _____ |

This matter having come before the Court on Plaintiff League of Women Voters of Florida's Emergency Motion for Preliminary Injunction and Order to Show Cause against Defendants Richard Scott, in his official capacity as Governor of the State of Florida, and Ken Detzner, in his official capacity as Secretary of State of the State of Florida, the Court having considered the Complaint, the Motion and supporting Memorandum of Law, and the declarations and documents filed in support of the Motion, and upon notice to Defendants,

IT IS ORDERED that the Motion is GRANTED as follows:

## I.   FINDINGS OF FACT

1.      Florida does not permit residents to register to vote online. Rather, Florida residents must complete a paper Florida Voter Registration Application and deliver it, either in person or by mail, to certain offices or a third-party voter registration agency.

2.      Tuesday, October 11 was the voter registration deadline for the upcoming general election on November 8, 2016.  Pursuant to this Court's Order, that deadline was extended to October 12, 2016.

3.      Hurricane Matthew hit Florida on the afternoon of Thursday, October 6, 2016.  A state of emergency was declared in more than two dozen Florida counties, and 1.5 million residents were evacuated.  By Friday evening, the storm had destroyed roads and bridges, killed at least four people, and left 1 million residents without power and thousands of Floridians in shelters.

4.      On Thursday, October 6, Defendant Scott was asked to extend the voter registration deadline from Tuesday, October 11 to Friday, October 14.  He refused to make any changes to the deadline.

5.      Attempts by Floridians to register to vote in the aftermath of Hurricane Matthew will be difficult, if not impossible, given the power

outages, flooding, and closure of roads, bridges, government agencies, and post offices.

6.     In 2012, approximately 156,306 persons registered during the last nine days of the registration period—amounting to approximately 18 percent of new registrations that year.  It is accordingly reasonable to conclude that Defendants' refusal to extend the voter registration deadline will prevent tens of thousands of would-be voters from registering to vote, thereby preventing them from voting in the upcoming general election.

7.     The areas in Florida affected by Hurricane Matthew include substantial populations of minority voters, including African Americans and Latinos. Accordingly, minority voters will be disproportionately affected by Defendants' refusal to extend the voter registration deadline.

## II.     CONCLUSIONS OF LAW

1.     Defendants' failure to extend the voter registration deadline is likely unlawful as (a) in violation of the National Voter Registration Act ("NVRA"); (b) an undue burden on the right to vote, in violation of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment; (c) disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983;and/or (d) a violation of Section 2 of the Voting Rights Act.

2.      Plaintiff will suffer irreparable harm if the preliminary injunction is not issued because Floridians, including Plaintiff's members and constituents, will be prevented from registering to vote as a result of Hurricane Matthew and Defendants' refusal to extend the registration deadline, and there will be no way to cure that disenfranchisement.

3.      The threatened injury to Plaintiff outweighs the possible harm that the preliminary injunction may cause Defendants, because if the deadline is extended, Defendants will experience only minor administrative inconvenience, whereas if the deadline is not extended, thousands of voters (and potentially tens of thousands of voters) will be disenfranchised in an important general election and not be given the opportunity to register to vote as mandated by the NVRA.

4.      A preliminary injunction would not disserve the public interest because the public has a paramount interest in elections where every eligible vote counts and the affected voters are those whose lives have already been interrupted by Hurricane Matthew.

### III.    PRELIMINARY INJUNCTION

Now, therefore, it is hereby ORDERED as follows:

1.      Pursuant to Civil Rule 65, Defendants and persons acting in concert with Defendants, are hereby ENJOINED, until such date upon which

Plaintiff's application for a preliminary injunction may be heard, from any of the following acts:

      a.  From closing voter registration, or refusing to accept otherwise proper voter registration forms, in Florida prior to the close of business, October 18, 2016; and

      b.  From preventing counties from enforcing the current voter registration deadline.

      2.     Pursuant to Civil Rule 65(c), the Court finds that a bond is unnecessary and would not be in the public interest to require under the circumstances of this litigation.

ENTERED this _____ day of October, 2016.

_____

UNITED STATES DISTRICT COURT JUDGE

Presented by:

*/s/ Farrah R. Berse*

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Robert A. Atkins
N.Y. Bar No. 2210771
Farrah R. Berse
N.Y. Bar No. 4129706
1285 Avenue of the Americas
New York, New York 10019-6064
Tel. 212-373-3000
Fax 212-757-3990

**BRENNAN CENTER FOR JUSTICE AT**
**NEW YORK UNIVERSITY SCHOOL OF LAW**
Wendy R. Weiser
N.Y. Bar No. 4415303
Myrna Pérez
Texas Bar No. 24041676
161 Avenue of the Americas, 12th Floor
New York, New York 10013-1205
Tel. 646-292-8310
Fax 212-463-7308

*Counsel for Plaintiff*

## **CERTIFICATE OF**
## **SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following parties via electronic mail;

- David Fugett, Counsel for The Secretary of State, david.fugett@dos.myflorida.com,
- William Spicola, General Counsel for Governor, Rick Scott, william.spicola@eog.myflorida.com

_/s/_  Farrah R. Berse
**Farrah R. Berse**